UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONY JACINTO VICENTE,

        Petitioner,

   v.

WARDEN, *et al.*,

        Respondents.

Case No.  1:26-cv-0577-DC-JDP

ORDER

Petitioner, an immigration detainee represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  ECF No. 1.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.[2]  It does not plainly appear that petitioner is not entitled to relief.  Therefore, I order the government to respond to the petition, and I set a briefing schedule.

---

[1] On January 29, 2026, I appointed petitioner counsel and ordered the parties to file a joint status report, which included a proposed briefing schedule, within seven days of petitioner's counsel's appearance.  ECF No. 6.  Petitioner's counsel appeared February 5, 2026.  ECF No. 10. The parties have not filed a status report; accordingly, I will set a briefing schedule.

[2] This rule may be applied to petitions brought under § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases.

1

Accordingly, it is hereby ORDERED that:

1. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

2. Within seven days of the date of service of this order, the respondents must file a response to the petition.

3. A response may be one of the following:

    A.    An answer addressing the merits of the petition. Any argument by the respondents that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

    B.    A motion to dismiss the petition.

4. Within seven days of the date of service of this order, respondents must file any documents necessary for resolving the issues presented in the petition.

5. If respondents file an answer to the petition, petitioner may file a traverse within seven days of the date of service of respondents' answer. If no traverse is filed within seven days, the petition and answer are deemed submitted.

6. If respondents move to dismiss, petitioner must file an opposition or statement of non-opposition within fourteen days of the date of service of respondents' motion. Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served. The motion to dismiss will be considered submitted twenty-one days after the service of the motion or when the reply is filed, whichever comes first. *See* Local Rule 230(l).

7. Pending the court's ruling on this petition, respondents shall not take any action to transfer petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (acknowledging the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

IT IS SO ORDERED.


Dated:   March 5, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE